UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RONALD L. SUTTON, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 1:18-cv-41-NCC |
| STATE OF MISSOURI, et al., | ) ) ) |  |
| Defendants. | ) |  |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Ronald L. Sutton for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.50. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account. (Docket No. 3). The certified inmate account statement showed an average monthly deposit of $7.50. The Court will therefore assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under 42 U.S.C. § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se

complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is currently incarcerated at Algoa Correctional Center in Jefferson City, Missouri. He brings this complaint pursuant to § 1983. His complaint names the State of Missouri, prosecutor Jonce Chidister, and prosecutor Jeffrey McCormick as defendants. The defendants are sued in both their official and individual capacities.

Plaintiff's statement of claim consists of a narrative preamble followed by six numbered paragraphs. (Docket No. 1 at 1). In the narrative portion, plaintiff states that defendants Chidister and McCormick are Dunklin County prosecutors. Plaintiff claims that Chidister brought a "false case of forgery" against him in order to get plaintiff's probation revoked on a separate case. He states that the false forgery case was docketed at 16DU-CR00506, and that the probation violation was docketed at 15DU-CR00583-01. Plaintiff alleges that McCormick "went through with it with…Chidister." He further states that the forgery case was dismissed by the prosecution once his probation had been revoked. Further, plaintiff states that he is suing the State of Missouri for false imprisonment, causing mental distress, severe harassment, and cruel punishment.

3

In paragraph 1, plaintiff states that the case brought against him by prosecutor Chidister, docketed at 16DU-CR00506, was dismissed by the prosecution on January 23, 2017. (Docket No. 1 at 6).

In paragraph 2, plaintiff states that McCormick is the Dunklin County prosecuting attorney. Plaintiff claims that McCormick could have stopped assistant prosecutor Chidister from filing the allegedly false charge in case number 16DU-CR00506. He states that McCormick knew Chidister was "in the wrong," making McCormick as "[g]uilty" as Chidister.

In paragraph 3, plaintiff states that on November 17, 2016, his probation was revoked on a separate case due to his pending forgery charges in case number 16DU-CR00506. He states that McCormick then dismissed 16DU-CR00506 on January 23, 2017.

In paragraph 4, plaintiff states that he was locked up on his "false forgery case" for almost five months. (Docket No. 1 at 7). He further states that he is suing the State of Missouri for the actions of both prosecuting attorneys. He claims that the actions of the prosecutors resulted in severe harm for false imprisonment, as well as brutality, pain and suffering, mental stress, harassment, and cruel punishment, resulting in violations of his constitutional rights.

In paragraph 5, plaintiff states that the probable cause affidavit[1] completed by David Bailey of the Kennett Police Department proves that the forgery case against him at 16DU-CR00506 was wrongly filed by McCormick and Chidister. Further, Plaintiff claims that Officer Bailey made a "[f]alse [p]robable [c]ause affidavit" against him. Plaintiff also reiterates that case number 16DU-CR00506 was dismissed on January 23, 2017.

In paragraph 6, plaintiff states that McCormick used the "[f]alse [f]orgery" case at 16DU-CR00506 to revoke his probation on November 17, 2016, at case number 15DU-CR00583-01. (Docket No. 1 at 8). Plaintiff claims that after securing plaintiff's revocation, McCormick

---

[1] Plaintiff has attached a copy of the probable cause affidavit to the complaint. (Docket No. 1-2 at 5).

dismissed the allegedly false forgery charge on January 23, 2017. Plaintiff states that because of this, he is seeking relief in the amount of $95,000.

Attached to plaintiff's complaint is a motion titled "Motion For False Imprisonment." (Docket No. 1-2 at 1). Similar to his statement of claims, this motion is comprised of five numbered paragraphs. These paragraphs substantially restate the allegations found in his statement of claims.

In paragraph 1, plaintiff includes a string citation of seven cases he alleges pertain to false imprisonment.

In paragraph 2, plaintiff lists eight more cases in a string citation, which he alleges are cases of false imprisonment. (Docket No. 1-2 at 2).

In paragraph 3, plaintiff claims that prosecutors McCormick and Chidister filed a false charge of forgery against him, causing him to be falsely imprisoned for four to five months. He states that McCormick later dismissed the forgery charge on January 23, 2017. Plaintiff also alleges that the prosecutors, along with Officer David Bailey, created a false probable cause affidavit that caused him to be wrongfully imprisoned.

In paragraph 4, plaintiff re-alleges that both prosecutors McCormick and Chidister filed a false forgery charge against him that was later dismissed. (Docket No. 1-2 at 3). He claims that based on this, he suffers from severe mental stress, severe pain and suffering, brutality, harassment, and cruel and unusual punishment. Further, plaintiff states that he is seeking $95,000 in damages. He also states that he is now taking mental health medication due to the mental distress he alleges was caused by the filing of the false forgery charge.

In paragraph 5, plaintiff reiterates that he is suffering severe mental distress due to the allegedly false forgery charge against him. He also restates that he is taking medication to help him cope with the severe mental distress he claims to be suffering.

## Discussion

Plaintiff's complaint specifically names as defendants the State of Missouri, prosecutor Jonce Chidister, and prosecutor Jeffrey McCormick. The complaint can also be construed to name Officer David Bailey as a defendant. Plaintiff alleges that prosecutors Chidister and McCormick filed a false forgery charge against him in order to revoke his probation on a separate case. Once the revocation occurred, the "false" forgery charge against plaintiff was dismissed. Plaintiff alleges that Bailey took part in this by filling out a "false" probable cause affidavit. He also claims that the State of Missouri has falsely imprisoned him. Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims pursuant to § 1915(e)(2)(B).

### A. Defendant State of Missouri

Plaintiff's claims against the State of Missouri will be dismissed because the State is immune from suit based on the doctrine of sovereign immunity. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). The Eleventh Amendment has been held to confer immunity on an un-consenting State from lawsuits brought in federal court by a State's own citizens or the citizens of another State. *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). *See also Webb v. City of Maplewood*, 2018 WL 2070564, 1 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"); *Dover Elevator Co. v. Ark. State Univ.*, 64 F.3d 442, 446 (8th Cir. 1995) ("The Eleventh Amendment bars private parties from

6

suing a state in federal court"); *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment").

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such immunity by clear and unmistakable language." *Id*. The second exception is when a State waives its immunity to suit in federal court. *Id*. at 65. A State will be found to have waived her immunity "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 473 (1987).

Neither exception applies in this case. First, there is no congressional abrogation of Eleventh Amendment immunity. Plaintiff brings this action pursuant to § 1983. However, the United States Supreme Court has determined that § 1983 does not revoke the States' Eleventh Amendment immunity from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent"); *Quern v. Jordan*, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe…that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States"). Second, the State of Missouri has not consented to the suit. Specifically, the State's statutory waiver of immunity does not include the type of claim made by plaintiff in this case. *See* Mo. Rev. Stat. § 537.600. Accordingly, because the State of Missouri is immune from suit for money damages, plaintiff's claims against the State must be dismissed.

7

**B. Defendants Jonce Chidister and Jeffrey McCormick**

Plaintiff's claims against defendants Chidister and McCormick will be dismissed because both defendants have prosecutorial immunity, and because plaintiff's allegations against them fail to state a claim.

Prosecutors are immune from § 1983 actions so long as the actions complained of appear to be within the scope of prosecutorial duties. *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982); *see also Keating v. Martin*, 638 F.2d 1121, 1122 (8th Cir. 1980). The immunity enjoyed by prosecutors from § 1983 actions can be either absolute or qualified. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). A prosecutor is entitled to absolute immunity if he or she is acting as an advocate for the State in a criminal prosecution. *Id*. On the other hand, a prosecutor is entitled to only qualified immunity when he or she pursues actions in an "investigatory" or "administrative" capacity. *Id*.

"Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). This immunity depends on the functional nature of the prosecutors activities; therefore, immunity is not defeated by "allegations of improper motive in the performance of prosecutorial functions." *Id*. Absolute immunity still applies even when there are allegations of malice, vindictiveness, or self-interest. *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 580 (8th Cir. 2006). Absolute immunity also "covers actions taken to initiate a prosecution, even if those actions are patently improper." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).

Here, defendants Chidister and McCormick are absolutely immune from liability because their allegedly wrongful conduct took place during the initiation and pursuit of a criminal

8

prosecution. Plaintiff alleges that Chidister brought a false charge against him, that McCormick knew this and allowed it to happen, and that the case was dismissed after plaintiff had his probation revoked on a separate case. Filing a case against plaintiff is clearly a prosecutorial function qualifying for absolute immunity. *See Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government"). This would stand true even if plaintiff had clearly alleged an improper motive for the filing of the case against him. *See Sample*, 836 F.3d at 916 ("Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity"). Therefore, Chidister and McCormick are absolutely immune from liability, and the claims against them must be dismissed.

Regardless of whether Chidister and McCormick are immune from liability, Plaintiff's complaint fails to state a claim against them. The Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, pro se complaints are liberally construed and held to less stringent standards than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, to state a claim for relief under § 1983, a complaint must plead more than "legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A pro se complaint must still allege facts that supports its conclusions. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

As noted above, plaintiff's complaint states that Chidister filed a false case of forgery against him, that McCormick knew about this and allowed it, and that the forgery case was later dismissed. Plaintiff's assertion that Chidister filed a "false" case is a legal conclusion, unsupported by any factual allegations. Plaintiff does not allege how or in what manner the forgery case against him is false. For example, he does not allege that he did not commit the forgery; or that there was no evidence he committed the forgery; or that he was somehow framed for the crime. Instead, plaintiff relies only on the bare avowal that the case was indeed false. Plaintiff's complaint could be read to imply that the dismissal of the forgery case is what makes it false. However, he does not make any factual allegations to that effect, and it is not up to the Court to supply additional facts or construct plaintiff's legal theory assuming facts that have not been pleaded. *See Stone*, 364 F.3d at 914; *see also Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983) (pro se pleadings must "not be conclusory and must set forth a claim in a manner which, taking the pleaded facts as true, states a claim as a matter of law"). Accordingly, plaintiff's complaint fails to state a claim and must be dismissed.

### C. Defendant David Bailey

Plaintiff's claims against defendant David Bailey will be dismissed because his allegations fail to state a claim. As discussed above, Fed. R. Civ. P. 8(a)(2) "requires only a short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp.*, 550 U.S. at 555. Moreover, pro se complaints are liberally construed and held to less stringent standards than formal pleadings drafted by attorneys. *Erickson*, 551 U.S. at 94. Nevertheless, to state a claim for relief under § 1983, a complaint must plead more than "legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id*. A pro se complaint must still allege facts that supports its conclusions. *See Martin*, 780 F.2d at 1337; *Kaylor*, 661 F.2d at 1183.

Plaintiff's complaint states that "David Bailey [m]ade [a] [f]alse [p]robable [c]ause affidavit" against him. This is the entirety of the allegation against Bailey. Similar to the claims against Chidister and McCormick, this amounts to a legal conclusion. Plaintiff does not allege any facts that tend to demonstrate why he believes the probable cause affidavit is illegitimate. He does not, for example, allege that Bailey failed to properly investigate the case; or that he misrepresented the results of his investigation; or that he relied on unreliable witnesses; or even that he fabricated details. Instead, plaintiff's complaint rests on the conclusory statement that Bailey's affidavit was "false." This type of pleading does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Accordingly, plaintiff's claim against Bailey must be dismissed.

### D. Plaintiff's Motion to Appoint Counsel

On March 12, 2018, plaintiff filed a motion to appoint counsel. The Court will deny plaintiff's request as moot, given the fact that plaintiff's claims in this matter are being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.50 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** this action is **DISMISSED** without prejudice for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 6) is **DENIED AS MOOT**.

Dated this 8th day of June, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE