UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD L. SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-41-NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to amend his complaint. (Docket No. 7). Plaintiff's motion to amend seeks to substitute defendant State of Missouri with Dunklin County, Missouri. The motion states that plaintiff has determined that "the [n]ame of the State of Missouri defendant is Dunklin County," and that Dunklin County is the party he is really suing "[f]or both of Dunklin County Prosecuting Attorney[s] Jeffrey McCormick['s] [a]nd Jonce Chidister['s] actions" in filing, and later dismissing, an allegedly "false case" against him.

Plaintiff did not submit a proposed amended complaint along with his motion. "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir. 1985). *See also Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 880 (8th Cir. 2015) (same); *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir. 1983) ("Absent some indication as to what might be added to the complaint to make it viable, the [moving party] is not entitled to leave to amend."). Accordingly, his motion to amend must be denied.

Moreover, even if the Court construes the allegations in plaintiff's motion as an amended complaint, it is clear that plaintiff has failed to state a claim against Dunklin County. A local

governing body can be sued directly under § 1983. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978). However, the allegedly unconstitutional action must be one that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. In other words, the "test is whether there exists a policy, custom, or action by those who represent official policy which inflicts an injury actionable under § 1983." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). To show this, a plaintiff must first demonstrate "a continuing, widespread, persistent pattern of unconstitutional misconduct" by the defendant's employees. *S.J. v. Kansas City Mo. Pub. Sch. Dist.*, 294 F.3d 1025, 1028 (8th Cir. 2002). Next, the plaintiff must show "deliberate indifference to or tacit authorization" of the conduct by the defendant's policymaking officials, after notice to the officials of the misconduct. *Id*. Finally, plaintiff must prove he was injured by acts pursuant to the defendant's custom, that is, "that the custom was the moving force behind the constitutional violation." *Id*.

Here, plaintiff is seeking to merely substitute Dunklin County for the State of Missouri. In his original complaint, though, plaintiff did not allege any facts that established even the inference of an unconstitutional policy or custom on the part of Missouri. The same is true in his motion to amend. Instead, his allegations focus on the actions of the two prosecutors who he claims have brought a false charge of forgery against him. By attempting to sue Dunklin County, it is clear that plaintiff is attempting to establish the County's liability on a theory of respondeat superior. In other words, plaintiff alleges that Dunklin County is liable because defendants Jeffrey McCormick and Jonce Chidister are county employees. A claim such as this is invalid in a § 1983 action. *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017) (stating that county could not "be held liable on a respondeat superior theory, that is, solely because it employs a

tortfeasor"); *Vaughn v. Greene Cty., Ark.*, 438 F.3d 845, 851 (8th Cir. 2006) ("[I]t is well settled [that] the doctrine of respondeat superior is inapplicable to section 1983 claims"). Because allowing plaintiff to amend the complaint would be futile, the motion must be denied. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility"); *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be ground to deny a motion to amend"); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend (Docket No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal from this action would not be taken in good faith.

Dated this 6th day of July, 2018.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE